NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0323n.06
Filed: May 8, 2006

No. 05-4268

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| DZEMAJLIJA PEPIC, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ON PETITION FOR REVIEW |
| | ) | FROM A FINAL ORDER OF THE |
| ALBERTO R. GONZALES, Attorney | ) | BOARD OF IMMIGRATION |
| General, | ) | APPEALS |
| | ) | |
| Respondent. | ) | |

Before: MARTIN, RYAN, and NORRIS, Circuit Judges.

BOYCE F. MARTIN, JR., Circuit Judge. Dzemajlija Pepic petitions for judicial review of an order by the Board of Immigration Appeals which affirmed an immigration judge's determination that she was subject to removal despite her applications for asylum, withholding of removal, and relief under the United Nations Convention Against Torture. The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

In a prior order, we granted Pepic a stay of removal, but denied her motion to stay the period for voluntary departure because the time for voluntary departure had already expired. Pepic moves for reconsideration of that order. Subsequently, the Department of Homeland Security extended Pepic's period for voluntary departure to May 22, 2006. Pepic also renews her motion to stay the period for voluntary departure pending this court's disposition of her petition for review. As we today decide Pepic's petition for review, her motion for a stay and motion for reconsideration are denied as moot.

Pepic is a native and citizen of Yugoslavia, now a part of Serbia and Montenegro, who entered the United States as a tourist on May 12, 2000. The government initiated removal

proceedings against Pepic on May 7, 2002. Pepic filed her application for asylum on March 26, 2002, along with requesting withholding of removal and relief under the Convention Against Torture.

After a hearing, the immigration judge denied all of Pepic's applications on May 13, 2004. The immigration judge did grant Pepic's request for voluntary departure. The Board of Immigration Appeals adopted the immigration judge's findings and dismissed Pepic's administrative appeal on September 26, 2005.

Pepic filed a timely petition for judicial review on September 26, 2005. On appeal, Pepic argues that the Board of Immigration Appeals's decision that she was ineligible for asylum because her application was untimely is erroneous. She claims that extraordinary circumstances excuse her delay in filing her application for asylum. She also claims that the immigration judge's credibility determination is not supported by substantial evidence and that she established a well-founded fear of future persecution.

The resolution of an asylum request involves a two-part inquiry. *Mikhailevitch v. INS*, 146 F.3d 384, 389 (6th Cir. 1998). Pepic must show not only that she is a refugee, but also that her application merits a favorable exercise of administrative discretion. *See id.* The immigration judge did not reach the discretionary step here, as Pepic did not meet her burden of showing that she is a refugee. A "refugee" is defined as an alien who is unable or unwilling to return to her home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A); *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992). A petition for judicial review should not be granted unless the evidence is so compelling that no reasonable fact-finder could fail to find the requisite fear of persecution. *Koliada v. INS*, 259 F.3d 482, 486 (6th Cir. 2001).

An asylum application is also treated as an application for the withholding of removal. *Mikhailevitch*, 146 F.3d at 391. However, the burden of proving eligibility for asylum is less than the burden of proving entitlement to withholding. *Id.* Thus, the failure to show that Pepic is eligible for asylum will also show that she is not entitled to the withholding of removal. *See id.*

Pepic must demonstrate by clear and convincing evidence that she filed her asylum application within one year of her arrival in the United States. 8 U.S.C. § 1208.4(a)(2). The only exceptions to this filing deadline are for "changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application within" the statutorily prescribed period. 8 U.S.C. § 1158(a)(2)(D); 8 C.F.R. §§ 208.4(a)(4) and (a)(5). Pepic bears the burden of proving that she qualifies for an exception to the one-year filing deadline. *See* 8 C.F.R. § 208.4(a)(2).

The Board of Immigration Appeals found Pepic to be statutorily ineligible for asylum because she failed to timely file her application for asylum and failed to demonstrate any circumstances that would warrant a late filing. We lack jurisdiction to review the Board of Immigration Appeals's decision. Pursuant to 8 U.S.C. § 1158(a)(3), "[n]o court shall have jurisdiction to review any determination of the Attorney General" regarding the timeliness of an asylum application. We have held that the Board of Immigration Appeals's factual determination that an asylum application was not filed within the one-year limitations period is precluded from judicial review. *See Gjyzi v. Ashcroft*, 386 F.3d 710, 714 (6th Cir. 2004).

Although Pepic argues that the Board of Immigration Appeals and immigration judge erred in denying her asylum application as untimely because she maintained legal status through September 10, 2001, and because of ineffective assistance of counsel in failing to file the application in a timely fashion, § 1158(a)(3) precludes judicial review of all factual decisions concerning the timeliness of an asylum application. *Id*. Furthermore, Pepic's arguments are rebutted by the record. As the immigration judge noted, Pepic's relationship with her prior counsel began after the one-year time period had expired. In addition, Pepic's legal status expired on September 10, 2001. However, Pepic did not give her application for asylum to her prior counsel until February 6, 2002, five months after the expiration of her legal status.

Therefore, the Board of Immigration Appeals's conclusion that Pepic filed her application for asylum more than one year after her arrival in the United States is barred from judicial review.

*Id.* Thus, we cannot address the merits of Pepic's arguments regarding why she feels she is eligible for asylum. *Id.*

The burden of proof for withholding of removal is more stringent than the burden of proof for asylum. *Mikhailevitch*, 146 F.3d at 391. To qualify for withholding of removal, Pepic must show a "clear probability" of persecution in the proposed country of removal. She must establish that it is "more likely than not" that, if she was removed to a particular country, her life or freedom would be threatened on account of one of the enumerated grounds of § 1101(a)(42)(A). *Liti v. Gonzales*, 411 F.3d 631, 640-41 (6th Cir. 2005).

Similarly, as to Pepic's petition for review of the Board of Immigration Appeals's denial of relief under the Convention Against Torture, "[p]rotection under the Convention exists in the form of withholding of removal to the country of torture." *Ali v. Reno*, 237 F.3d 591, 596 (6th Cir. 2001). To obtain relief, the applicant bears the burden establishing that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2); *see also Liti*, 411 F.3d at 641.

Pepic has not satisfied her burden. The immigration judge found that even though Pepic fears returning to Montenegro and that the fear may be subjectively genuine, there was insufficient evidence to compel a finding that Pepic would be subjected to future persecution. The immigration judge found that Pepic's testimony was inconsistent with her application for asylum. The immigration judge also found that Pepic failed to present corroborative evidence. The only supporting testimony which Pepic provided was that of her nephew. However, the immigration judge noted that the nephew's testimony was inconsistent with Pepic's testimony in that the nephew testified that Pepic was a member of the government whereas Pepic indicated that she had been removed from her government positions.

The immigration judge noted that Pepic's testimony on direct examination, on cross-examination, and on questioning by the immigration judge was "frequently non-responsive and argumentative." The immigration judge stated that Pepic was a highly educated woman and asserted that she was a person of prominence and influence in Montenegro. She claimed to be a well-known

journalist and published a newspaper. However, when she was questioned about evidence relating to her prominence and influence, Pepic was unable to produce evidence to support her claims.

The immigration judge also found that Pepic had not presented any affidavits concerning her allegation that she was employed in the 1980's as a radio journalist and had participated in the youth hostile movement until the mid-1990's. Pepic had not presented any affidavits from fellow journalists establishing her alleged influence in politics.

Pepic claimed that she and her mother received threats and visits from high-ranking security personnel, yet no affidavit from Pepic's mother supported this claim. Pepic alleged that her brother received a death threat at a funeral, yet no evidence to support this claim was provided by the brother.

Pepic stated that she was threatened with assassination by a member of the security forces. She claimed that she was directly told that she was to be killed. Yet, in her application for asylum, Pepic states that she was told to leave the country. The death threat was not mentioned.

Pepic claimed to have been harmed by the country's chief of security, but the threat was not contained in Pepic's asylum application. Pepic stated she has secret knowledge of events in Montenegro that will lead to her death. When questioned on cross-examination regarding the secrets, Pepic referred to the widely known facts that Montenegro's economy was in disarray and that it supports itself primarily through the smuggling of drugs, women, cigarettes, alcohol, and gasoline. The immigration judge noted that the European Union has prohibited Montenegro's entry into the Union because of the country's criminal history. In addition, the political leaders which Pepic fears are no longer in power. The immigration judge found that Pepic presented no basis for her fear from the current government.

The immigration judge further noted that Pepic placed great emphasis on alleged threats she received from a General Babic. The threats, accordingly to Pepic, occurred in 1991. However, she did not leave Montenegro until 2000, except for a brief trip for two months in 1998. Further, since 1991, she has had no contact with Babic, who is still allegedly a general in Montenegro.

Pepic has not shown a "clear probability" of persecution if she were to return to Montenegro. Pepic's allegations regarding why she fears returning to Montenegro are inconsistent and unsupported by independent evidence. As the immigration judge's rejection of Pepic's claims is reasonable, judicial intervention cannot be granted. *Koliada*, 259 F.3d at 486. Thus, Pepic has not established entitlement to the withholding of removal.

Finally, Pepic is not entitled to relief under the Convention Against Torture. Protection under the Convention Against Torture is the same as the withholding of removal. *Ali*, 237 F.3d at 596. As Pepic has not met her burden of establishing relief for withholding of removal, she has failed to establish relief under the Convention Against Torture. *Id*.

The petition for judicial review is denied.